**John W. McLAUGHLIN, Petitioner,**

v.

**W. K. CUNNINGHAM, Jr., Director, Division of Corrections and Institutions, Respondent.**

**Civ. A. No. 71-C-20-R (Re).**

United States District Court,
W. D. Virginia,
Roanoke Division.

May 5, 1972.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

John W. McLaughlin has now filed a "Petition for a Peremptory Writ of Mandamus with Motion for Judgment" under 42 U.S.C. § 1983. His original petition was dismissed by this court because he failed to allege sufficient facts to state a cause of action. Because McLaughlin presented additional facts on appeal, the United States Court of Appeals for the Fourth Circuit remanded the case for further consideration by this court.

McLaughlin claims that respondent has violated his First Amendment rights. McLaughlin is the founder of the Christian Campaign for Convicted Citizens (4–C) Program, the professed objectives of which are to foster religious brotherhood among church members and

convicts. Specifically, each participating church member shall correspond with a prisoner he selects on a regular basis, and in addition shall send a card and a small gift to him on the latter's birthday and at Christmas. These objectives are set out in a mimeographed flyer, four hundred (400) copies of which were printed at the expense of Richard H. Barrick, Esquire. The four hundred copies were sent to McLaughlin in February 1971 but were intercepted and impounded by prison officials.

Respondent and the other prison officials have refused to return the flyers to McLaughlin because the program as outlined "solicits gifts, unauthorized correspondence, etc." For this reason it is felt that the campaign should not originate from within the prison, administered by an inmate of McLaughlin's apparent unstable mental history. It is further noted that programs of this type are and should be handled by the Chaplain Services of the Churches of Virginia, Inc.

 Clearly, respondent has stated an adequate basis for its refusal to permit the campaign to proceed as it is outlined. The control of the mails to and from inmates is an essential adjunct of prison administration and the maintenance of order within the prison. McCloskey v. State of Maryland, 337 F.2d 72, 74 (4th Cir. 1964). Although restrictions on correspondence may not be imposed so as to discriminate against a particular religious belief, Lee v. Tahash, 352 F.2d 970 (8th Cir. 1965), the prison administrators have wide discretion in restricting and controlling the *exercise* of that belief so long as such regulation is non-discriminatory. Cooper v. Pate, 382 F.2d 518 (7th Cir. 1967); Annotation, 12 A.L.R.3d 1276 (1967). Thus prison officials may lawfully restrict the inmates from sending religious materials out of the prison, from distributing them within, or from carrying them to various parts of the prison. Since McLaughlin has no First Amendment right to conduct his proposed campaign, he has failed to state a claim under 42 U.S.C. § 1983.

On the other hand, no reason is given which justifies the respondent's refusal to give the flyers to McLaughlin, apart from his distribution of them. The flyers are clearly not inflammatory, nor in any other way do they pose a threat to prison security. McLaughlin is entitled to the same privileges of receipt and possession of these materials as are accorded other inmates with respect to their religious materials and other correspondence. Cooper v. Pate, supra. Obviously possession alone of these materials may be of little comfort to him, since his program is effectively thwarted by the respondent's legitimate restrictions on its conduct. The court feels therefore that respondent should turn the flyers over to McLaughlin or to any other interested person outside of the prison whom McLaughlin designates, provided that in the latter case the designee calls for them within a reasonable time of thirty days.

It is so ordered, and this action is stricken from the docket.